UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20224-BLOOM/Louis

NIHAL AYCA,

    Plaintiff,

v.

SEVEN C'S BUILDING MAINTENANCE, INC.,
JANE DOE,

    Defendants.
_____/

**ORDER ON MOTION FOR REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Ayca Nihal's ("Plaintiff") Motion for Remand, ECF No. [16] ("Motion"). Defendant Seven C's Building Maintenance, Inc. ("Defendant") filed its Response, ECF No. [18] ("Response"), along with a notice of filing Plaintiff's April 8, 2019 pre-suit demand letter, ECF No. [17] ("Demand Letter"). Plaintiff did not file a Reply to the Response. The Court has considered the Motion, the Response, the Demand Letter, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant and co-defendant, Jane Doe, on June 27, 2019, Case No. 2019-019252-CA-01. ECF No. [1]. Defendant was served on December 31, 2019.[1]

---

[1] The record does not demonstrate that Jane Doe, a supposed Florida resident and employee of Defendant, has been served with process. Defendant, accordingly, removed without Jane Doe's consent. *See* 28 U.S.C. § 1446(b)(2)(A). For purposes of removal, the Court disregards Jane Doe's citizenship status. *See id.* at § 1441(b)(1) ("In determining whether a civil action is removable on

Case No. 16-cv-62017-BLOOM/Valle

According to the Complaint, on November 7, 2017, Plaintiff slipped and fell on the bathroom floor at the Royal Palm South Beach due to the presence of a greasy substance/liquid used by Defendant to clean the floors. Plaintiff alleges that her damages are in excess of $15,000.00 exclusive of costs. *Id.* at 11. She further alleges that she suffered "severe personal injury" and pain and suffering including "disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment; loss of earnings; loss of ability to earn money; and aggravation of a previously existing condition," which losses are either permanent or continuing in nature. *See id.* at 12, 14-15. The Complaint alleges a negligence claim against Defendant and a negligence claim against Jane Doe.

On January 17, 2020, Defendant filed its Notice of Removal, ECF No. [1] ("Removal Notice"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting diversity jurisdiction.[2] In the Removal Notice, Defendant contends that the amount in controversy exceeds $75,000.00 "based on documentation reflecting economic damages greater than $60,000, and presuit demands for other unliquidated damages, provided by Plaintiff's lawyers before this action was filed." *Id.* at 4. The Removal Notice was supported by an affidavit from Defendant's counsel, Eugene Beckham, in which he opined that the amount in controversy "unquestionably exceeds $75,000.00." *Id.* at 35. According to Mr. Beckham, his evaluation was based on the amount of medical bills incurred, Plaintiff's counsel's confirmation that the claim exceeds $75,000.00 and that Plaintiff needed to

---

the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

[2] The Complaint represents that Plaintiff is a Florida resident and that Defendant is a "Foreign Profit Corporation." ECF No. [1] at 11. The Removal Notice clarifies that Defendant is a New Jersey corporation with its principal place of business there, and that it has never been incorporated in Florida nor had its principal place of business in Florida. *See id.* at 2.

2

undergo surgery, and Mr. Beckham's experience representing parties in personal injury cases in South Florida since the early 1980s. *See id.* at 34-35.

Plaintiff now files the instant Motion seeking to remand the action back to state court. ECF No. [16]. Defendant appears to concede that the parties are diverse but argues that the Court cannot exercise subject matter jurisdiction because "Defendant has provided no documentation to support the amount in controversy aside from an affidavit" from Mr. Beckham. *Id.* at 2. According to Plaintiff, the Removal Notice fails to show that the jurisdictional threshold has been met by the preponderance of evidence, thus requiring remand. *Id.* Plaintiff challenges that the Removal Notice did not attach Plaintiff's medical records or bills or the pre-suit demand letter. *Id.* at 4. In Plaintiff's view, Defendant's evidence "is not sufficient to sustain the Defendants' [sic] burden of proof to establish the amount in controversy," and that Defendant has "merely provided conclusions as to the amount in controversy." *Id.* at 4-5.

Defendant responds that the action is properly situated in federal court, and it attaches Plaintiff's April 8, 2019 Demand Letter as support. *See* ECF Nos. [17] and [18]. Defendant argues that Plaintiff does not challenge any of the facts stated in Mr. Beckham's affidavit, and that Plaintiff has not provided any evidence to assert that the affidavit is unfounded. ECF No. [18] at 1. It further maintains that the cases Plaintiff cites in the Motion are inapposite.

The Motion is now ripe for consideration.

**II.     LEGAL STANDARD**

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other

documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

Through this lens, the Court analyzes the instant Motion.

### III.    DISCUSSION

Plaintiff does not argue that the Demand Letter contains inaccuracies or that it does not reflect a good faith and honest assessment of her damages. Nor does Plaintiff argue that the Demand Letter is based on puffery. *See Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, at *2 (S.D. Fla. Oct. 22, 2010) (denying motion to remand where plaintiff "did not allege that the pre-suit demand package was inflated as part of a strategy to induce settlement, despite the opportunity to make such an argument, nor did she present any other reason for the Court to second-guess her own estimates of the value of her case"); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009) (denying motion to remand and noting that, despite the opportunity to do so, plaintiffs did not contest the veracity of the information in the pre-suit demand, the amounts alleged in the removal notice, nor claim that the pre-suit demand amounts "were inflated as part of a legal strategy to extract a settlement in lieu of litigation or claim that the amount of damages sought is less than $75,000"). Instead, the crux of Plaintiff's argument is that the Removal Notice is deficient because Mr. Beckham's affidavit did not contain supporting documentation to substantiate that the value of the case exceeds the amount in controversy. After review of the record, the Court finds Plaintiff's argument and the Motion to be without merit.

First, the Court does not agree with Plaintiff that Mr. Beckham's sworn affidavit contains conclusory allegations that preclude a finding that the amount in controversy has been met. The

affidavit expressly noted that the jurisdictional threshold had been triggered by Plaintiff's pre-suit demand for "much more than $75,000.00" and it explained that $60,000 in medical expenses alone had been incurred. ECF No. [1] at 35. Further, as stated, affidavits can provide a basis to support the amount in controversy inquiry. *Pretka*, 608 F.3d at 755; *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal."). And, importantly, Plaintiff has not provided any evidence to rebut the representations contained in the affidavit or otherwise show that any of the bases for the representations were inaccurate. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (affirming denial of motion to remand where plaintiff "presented no evidence to contradict defendant's damages calculations, nor did plaintiff deny the damages exceeded the jurisdictional amount when given the opportunity").

Second, that the Removal Notice did not attach supporting documents underlying Mr. Beckham's representations in his affidavit does not lead to the conclusion that remand is appropriate. A court may consider evidence submitted after the removal petition is filed to establish the facts present at the time of removal. *Id.* at 946, 949 ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."); *see also Williams*, 269 F.3d at 1319 (approving of *Sierminkski* as articulating the "proper procedure for determining the amount in controversy on removal" as permitting the district court to consider evidence submitted after the notice of removal is filed). In this regard, the Court acknowledges that Defendant filed the Demand Letter on the record as a supplement to the Removal Notice "because Plaintiff questions whether the amount in controversy exceeds $75,000[.]" ECF No. [17].

Third, the pre-suit Demand Letter that Plaintiff sent in April 2019 is the type of evidence that the Court may rely upon in determining whether removal is proper. "Letters and pre-removal

correspondence are proper documents for consideration in determining whether the jurisdictional amount is satisfied." *Pessoa v. Allstate Ins. Co.*, No. 12-80504-CIV, 2012 WL 12902744, at *1 (S.D. Fla. Oct. 10, 2012); *see also Summers v. Pier I Imps. (U.S.), Inc.*, No. 17-80638-CIV, 2017 WL 7796068, at *2 (S.D. Fla. Aug. 16, 2017) ("Courts may consider pre-suit demand letters in determining whether removal is proper."). "[E]vidence of a settlement demand in excess of $75,000 may constitute evidence that the jurisdictional requirement has been met." *Wrubel v. Safeco Ins. Co. of Ill.*, 266 F. Supp. 3d 1372, 1374 (S.D. Fla. 2017). "While a pre-suit demand letter alone may not be determinative of the amount in controversy when it reflects puffing and posturing, a demand letter that provides specific information to support the plaintiff's claim for damages is entitled to more weight." *Moses v. Home Depot U.S.A., Inc.*, No. 13-60546-CIV, 2013 WL 11977917, at *3 (citation omitted; alterations made). Moreover, although a "settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

Against this backdrop, "great weight" is given to a plaintiff's assessment of the value of its case when determining if remand is proper. *See id.* at 1094; *Castellanos v. Target Corp.*, No. 10-62456-CIV, 2011 WL 384292, at *3 (S.D. Fla. Feb 3, 2011) (noting that for removal purposes, the "Court gives preference to Plaintiff's own assessment of the value of [his] case") (citing *Burns*, 31 F.3d at 1094); *see also Racaniello v. Fresh Mkt., Inc.*, No. 9:14-cv-80960, 2014 WL 12479404, at *2 (S.D. Fla. Oct. 22, 2014) ("When a pre-suit demand letter seeks damages in excess of $75,000, a Plaintiff should provide proof to establish the value of his or her claim is less than $75,000— proof which disputes the pre-suit demand evidence that *is* in the record") (emphasis in original).

Here, the Demand Letter reflects Plaintiff's offer to settle the case for $313,608.39. *See* ECF No. [17]. That figure is comprised of medical bills in the amount of $63,608.39,[3] future medical expenses totaling $25,000.00,[4] and $225,000.00 for "other damages," which included pain and suffering, loss of enjoyment of life, mental anguish, and inconvenience. *Id.* The Demand Letter sets forth Plaintiff's "significant right elbow surgery," including the extent of the procedures and Plaintiff's attempts at "extensive physical therapy for her injuries and additional treatment." *Id.* Her injuries are characterized as "painful and debilitating," "permanent in nature," and necessitating "invasive and extensive medical treatment." *Id.* In fact, Plaintiff's counsel remarked in the Demand Letter that he was "confident" that "a jury would agree with the reasonableness of this demand and render a judgment substantially in excess." *Id.*

In this juncture, the Court is tasked with evaluating whether removal was proper in light of the missing $11,391.62 from the amount in controversy inquiry, which sum would definitively establish the jurisdictional threshold. Courts are authorized to use their "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. Indeed, they are not to "suspend reality or shelve common sense" in making this determination. *Id.* Under these circumstances, and in view of the Demand Letter and the nature of Plaintiff's injuries, the Court finds that Defendant has established that the amount in controversy is satisfied by a preponderance of the evidence. *See, e.g.*, *Katz*, 2009 WL 1532129, at *5 (the amount in controversy was met where plaintiff had made a pre-suit demand letter, based on medical reports, in the amount of $58,995.78 in current medical expenses and

---

[3] Although not included with Defendant's filing, the Demand Letter noted that enclosed were Plaintiff's medical records and bills in support of the demand. *Id.*

[4] The future medical expenses include "treatment, physical therapy, [m]assage therapy, prescriptions for medications, and injections[.]" *Id.*

$39,800.00 in future medical expenses); *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010) (detailed pre-suit demand letter delineated the extent of the alleged injuries, the physicians who had treated the plaintiff, and the medical care received from each of those physicians which could be considered reliable evidence that damages exceeded $75,000.00); *Livolsi v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-80407, 2017 WL 7792572, at *2 (S.D. Fla. June 30, 2017) (remand avoided based, in part, on demand letter that "is specific and details past and future medical expenses" exceeding the jurisdictional threshold); *Mew v. Taco Bell of Am., Inc.*, No. 10-CIV-80504, 2010 WL 11597817, at *2 (S.D. Fla. July 1, 2010) (determining that the amount in controversy was met where pre-suit demand letter seeking $185,000.00 settlement included $61,740.23 in incurred medical expenses and reflected the need for future medical care); *Salsberry v. RT W. Palm Beach Franchise, Ltd*, No. 14-80922-CIV, 2014 WL 12479403, at *2-3 (S.D. Fla. Oct. 14, 2014) (denying remand where pre-suit demand in slip and fall incident made $195,000.00 settlement offer and valued damages of $16,000.00 in current medical bills, $65,000.00 in past pain and suffering, $50,000.00 for loss of enjoyment of life, $85,000.00 for future pain and suffering, and $800.00 for past lost wages, without calculating future medical costs or future lost wages).

Finally, the Court does not find that the cases Plaintiff relies upon support remand. Unlike *Lowery*, 483 F.3d at 1213-15, this case was removed within 30 days of service of the Complaint. *See Roe*, 613 F.3d at 1061 n.3 ("Plaintiff's arguments are grounded primarily in misapplied dicta from *Lowery*[.] This case and the case in *Lowery* were removed under different paragraphs of § 1446(b)."); *Pretka*, 608 F.3d at 747, 767-68 ("While we may consider dicta for its persuasive value, we are not persuaded to follow *Lowery*'s dicta about the type of evidence a defendant that removes a case under the first paragraphs of § 1446(b) may use in establishing the requisite amount in controversy. . . . [W]e are not persuaded by *Lowery*'s dicta that its 'receipt from the plaintiff'

9

rule should apply to § 1446(b) first paragraph removal cases, or by its dicta that the rule should apply to any case in which the complaint seeks unliquidated damages. Instead, we conclude in this case, which arose under the first paragraph of § 1446(b), that the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court."). Further, unlike *Williamson v. Home Depot USA, Inc.*, No. 07-61643-CIV, 2008 WL 2262044, at *2 (S.D. Fla. May 30, 2008), Defendant does not seek removal solely on the basis that Plaintiff had sustained a "serious injury." In that case, defendant did not submit any evidence to support the amount in controversy amount other than plaintiff's admission that he sustained serious injury to his dominant hand. By contrast, Defendant has submitted Mr. Beckham's affidavit and the Demand Letter, each of which provide bases to reasonably deduce that the jurisdictional threshold is met. Similarly, unlike *Luria-Akin v. Devonshire at PGA Nat., LLC*, No. 08-80349CIV-MARRA/JO, 2008 WL 1745063, at *1 (S.D. Fla. Apr. 11, 2008), where the defendant did not provide any extrinsic evidence, such as a demand letter or discovery response, to demonstrate the amount in controversy, Defendant has provided sufficient proof to establish the $75,000.00 amount. Moreover, defense counsel's affidavit in that case provided no foundation for opining that the amount in controversy had been satisfied, unlike here.

The Court, therefore, finds the Motion unavailing. Plaintiff's arguments do not provide a reason to remand this case to state court.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand, **ECF No. [16]**, is **DENIED**.

Case No. 16-cv-62017-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record