UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20224-BLOOM/Louis

NIHAL AYCA,

    Plaintiff,

v.

SEVEN C'S BUILDING MAINTENANCE, INC.,
JANE DOE,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant, Seven C's Building Maintenance, Inc.'s ("Defendant"), Motion to Modify Scheduling Order and to Amend Pleadings to Allow an Additional Affirmative Defense, ECF No. [22] ("Motion"). Plaintiff filed her response, ECF No. [25] ("Response"), to which Defendant filed a reply, ECF No. [26] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

This matter stems from a lawsuit Plaintiff removed to this Court on January 17, 2020. ECF No. [1]. According to the Complaint, *id.* at 11-18, on November 7, 2017, Plaintiff slipped and fell on the bathroom floor at the Royal Palm South Beach due to the presence of a greasy substance/liquid used by Defendant to clean the floors. Plaintiff asserts that she was a "lawful invitee of the subject premises." *Id.* at 12. The Complaint alleges a negligence claim against Defendant and a separate negligence claim against co-defendant Jane Doe, one of Defendant's employees. *Id.* at 13-17. On January 21, 2020, Defendant filed its answer and affirmative defenses,

in which it asserted seventeen affirmative defenses. ECF No. [3]. The Court's Scheduling Order set April 13, 2020 as the deadline to file all motions to amend pleadings. ECF No. [14]. The discovery cut-off is October 6, 2020, calendar call is on January 26, 2021, and trial is scheduled for the two-week calendar beginning on February 1, 2021. *Id.*

Defendant now moves this Court to "modify the scheduling order to extend the time to amend its affirmative defenses and to allow Defendant to add a single affirmative defense asserting worker's compensation immunity." ECF No. [22] at 1.[1] The Motion represents that the amendment is sought ten days after the amendment deadline and that good cause exists to modify the Scheduling Order. Specifically, Defendant maintains that it timely pleaded its affirmative defenses based on the allegations in the Complaint, "which were simply that Plaintiff was an invitee on the premises of a building at which Defendant had cleaned the floors," and the Complaint "made no allegations about the Plaintiff's employment." *Id* at 2. According to Defendant, Plaintiff has never been a direct employee of Defendant, so "[e]stablishing the Plaintiff's employment was a fundamental part of the analysis of whether this affirmative defense was needed[.]" *Id.* at 7. It adds that Plaintiff's unverified answers to interrogatories were served on April 17, 2020, after the amendment deadline, and that these unverified answers "state that the Plaintiff was employed by a hotel operating on the premises where she had fallen." *Id.* Further, Plaintiff's deposition was held on April 21, 2020, where she provided "Defendant with the first sworn evidence that she was an employee of the hotel when she was allegedly injured." *Id.* at 2-3. Thus, Defendant argues that it filed the instant Motion less than one week after obtaining discovery regarding Plaintiff's employment status. *Id.* at 5.

---

[1] The proposed affirmative defense states that "[p]ursuant to F.S. chapter 440, including but not limited to F.S. 440.10(1)(e), the Defendant is immune from the Plaintiff's claims and protected by the exclusiveness-of-liability provisions of F.S. 440.11." *See* ECF Nos. [22] at 2; [22-1] at 5.

Defendant contends that the new affirmative defense is "potentially dispositive," it does not seek to bring new parties into the litigation or to inject novel legal theories, and that it "diligently and promptly" moved to add the affirmative defense upon discovery of its applicability. *Id.* at 3-4. Further, it asserts that Plaintiff will not be prejudiced by the amendment because Plaintiff has not taken depositions, no discovery served by Plaintiff will need to be repeated nor will additional discovery by Defendant be required, and no additional deadlines will need to be modified under the Scheduling Order. *Id.* at 4, 7. Defendant also maintains that there is no substantial reason to deny leave to amend based on the record. *Id.* at 6.

In her Response, Plaintiff argues that Defendant has known since at least April 8, 2019 that Plaintiff was an employee of Royal Palm South Beach because of a pre-suit demand letter it sent to Defendant. ECF No. [25] at 1. That letter, in relevant part, states that Plaintiff "was a lawful invitee at the Royal Palm South Beach, as she was an employee." *See* ECF No. [25-1] at 1. Plaintiff adds that worker's compensation forms were included with the demand letter, ECF No. [25] at 2, but the letter makes no clear reference to such forms. Plaintiff asserts that there is "unreasonable delay in this amendment" because Defendant itself relied upon the demand letter as support for removing the case to this Court. *Id.* Thus, in Plaintiff's view, "at the time the Defendant filed its answer it was already on notice of the facts that would warrant the affirmative defense it now seeks to add." *Id.* Additionally, Plaintiff contends that Defendant has not pled any facts that supports the proposed affirmative defense, and that based on "*Twombly* and *Iqbal*, the amendment does not satisfy the pleading requirements of a short and pla[i]n statement showing it is entitled to relief[.]" *Id.* at 2-3.

In its Reply, Defendant notes that Plaintiff fails to challenge that she would be prejudiced by the amendment or that the affirmative defense is futile. ECF No. [26] at 1. Defendant states that its actions in filing the Motion only a few days after the Scheduling Order deadline expired is not

3

"unreasonable delay." *Id.* at 2. Further, it argues that pleading "affirmative defenses directed at matters not alleged in the complaint prompts motions to strike and/or threats of sanctions," and Plaintiff's argument about the factual sufficiency of the proposed amendment is untimely, premature, and inappropriately addressed at this proceeding. *Id.* at 3. Relatedly, Defendant contends that the pleading standard in *Twombly* does not apply to affirmative defenses and, in any event, the defense is adequately alleged. *Id.* at 3-4.

The Motion, accordingly, is ripe for consideration.

## II. LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

Under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3).

Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at Rule 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

Through this lens, the Court addresses the instant Motion.

### III.     DISCUSSION

Deciding whether Defendant is entitled to amend its answer and affirmative defenses raises two overarching issues. The first is whether "good cause" exists pursuant to Rule 16(b) for amending the answer and affirmative defenses ten days after the deadline set forth in the Scheduling Order, ECF No. [14], had expired. The second is whether there is a "substantial reason" to deny leave to amend under Rule 15(a), such as if amendment would be futile or would cause undue prejudice to Plaintiff. The Court will address these issues in turn.

#### A.     Good cause for seeking leave after the Scheduling Order deadline

Defendant filed the Motion on April 23, 2020, two days after it conducted Plaintiff's deposition, six days after it was served with Plaintiff's unverified interrogatory answers, and ten days after the Scheduling Order deadline expired. Upon review and consideration, the Court finds that good cause exists pursuant to Rule 16(b)(4) to excuse Defendant's belated filing of the Motion. First, the record does not establish that prior to April 23, 2020, Defendant had been dilatory or had failed to actively pursue discovery from Plaintiff. The one-sentence line from the pre-suit demand letter noting that Plaintiff was an "employee" was not developed or expanded upon in the letter, and, interestingly, the Complaint did not allege that Plaintiff was an employee. Second, the record reflects that Defendant inquired about Plaintiff's employment status through discovery served before the amendment deadline, but it did not receive evidence until after the deadline passed. Third, Defendant filed the Motion within days of receiving the facts necessary to warrant seeking leave to amend. Under these circumstances, good cause is satisfied. *See, e.g.*, *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020); *Allegheny Cas. Co. v. Archer-W./Demaria Joint Venture III*, No. 8:13-CV-128-T-24-TGW, 2014 WL 10915507, at *3 (M.D. Fla. June 16, 2014); *Wopshall v. Travelers Home & Marine Ins. Co.*, No. 18-14424-CIV, 2019 WL 5697986, at *2 (S.D. Fla. Nov. 4, 2019). Accordingly, the Court

will proceed to determine whether amendment is appropriate pursuant to Rule 15(a)(2), Fed. R. Civ. P.

### B. No substantial reason to deny leave

Plaintiff does not argue, nor does the Court find, that permitting amendment would cause undue prejudice. *Bryant*, 252 F.3d at 1163. Likewise, the Court does not find that the Motion is the product of bad faith or dilatory motive. *Id.* Nor has Defendant previously moved to amend the affirmative defenses. Plaintiff's arguments, instead, are that amendment should be disallowed because there has been "unreasonable delay" and the proposed amendment does not satisfy pleading standards because Defendant has not pled facts supporting it. ECF No. [25] at 2-3. Upon review, the Court finds Plaintiff's arguments to be without merit.

First, the Court has already determined that the Motion's belatedness is excusable based on the record. Even were that not so, Plaintiff fails to cite any authorities for the proposition that the delay in this case is "unreasonable." Indeed, although she asserts that Defendant knew about her employment status because of the pre-suit demand letter, Defendant correctly notes that this fact was not raised in the Complaint. Further, Plaintiff has not identified any prejudice much less undue prejudice that arises by virtue of this affirmative defense regardless of whether it was timely raised. Accordingly, Defendant's failure to assert this affirmative defense until recently is not "unreasonable" under the present circumstances given that Plaintiff's own pleading omitted this fact.

Second, rather than challenge the amendment as futile, which would be a basis to deny leave to amend, *see Bryant*, 252 F.3d at 1163, Plaintiff argues that the proposed affirmative defense simply lacks factual support and thus fails to meet the pleading standards required by *Twombly* and *Iqbal*. ECF No. [25] at 2-3. This argument is misplaced. "This Court has routinely concluded, as it does here again, that 'affirmative defenses are not subject to the heightened pleading standard

elucidated in *Twombly* and *Iqbal*.'" *Abajian v. HMSHost Corp.*, No. 0:20-CV-60324, 2020 WL 1929134, at *6 (S.D. Fla. Apr. 21, 2020) (collecting cases). Instead, affirmative defenses "need only 'provide fair notice of the nature of the defense and the grounds upon which it rests.'" *Id.* at *2 (citation omitted). *See also Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670-CIV, 2013 WL 4496510, at *4 (S.D. Fla. Aug. 22, 2013) ("[T]his Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses."). Here, the proposed affirmative defense contains an explicit reference to Fla. Stat. § 440.10(1)(e) and states that Defendant is immune from the claims because of the "exclusiveness-of-liability" provisions of Fla. Stat. § 440.11. ECF No. [22] at 2. Plaintiff is on fair notice that worker's compensation immunity is alleged as a defense, and she has not raised any argument to suggest that such a defense is inapplicable to this case.

Because (1) this circuit embraces a policy of liberally granting amendments, (2) the Federal Rules of Civil Procedure dictate that leave should be given freely when justice so requires, and (3) there being no "substantial reason" to deny the Motion, the Court finds that Defendant has carried its burden under Rule 15(a)(2) and Rule 16(b)(4), Fed. R. Civ. P., to permit amendment.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [22]**, is **GRANTED**. Defendant shall file its Amended Answer and Affirmative Defenses by May 19, 2020.

Case No. 1:20-cv-20224-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 15, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

9